911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl MARTIN, Jr., Defendant-Appellant.
 No. 89-5821.
 United States Court of Appeals, Fourth Circuit.
 Argued July 16, 1990.
Decided Aug. 16, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-89-131-B)
 Joseph A. Balter, Assistant Federal Public Defender, Baltimore, Md., (argued), for appellant; Fred Warren Bennett, Federal Public Defender, Denise Benvenga, Baltimore, Md., on brief.
 Jamie M. Bennett, Assistant United States Attorney, Baltimore, Md., (argued), for appellee; Breckinridge L. Willcox, United States Attorney, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and HAMILTON, United States District Judge for the District of South Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Carl Martin, Jr., was convicted by a jury of theft of government property in violation of 18 U.S.C. Sec. 641. On appeal he claims (1) that the evidence was insufficient to sustain his conviction, (2) that the court erred in allowing into evidence a report of an audit conducted on August 15, 1988, (3) that the court erred in allowing the government to introduce into evidence notations on the back of a U.S. Treasury check, and (4) that the court erred in refusing to instruct the jury on theft of government property not in excess of $100.
 
 
 2
 At oral argument, defense counsel concentrated most of his time on the trial court's failure to charge on the claimed lesser included offense. We have carefully examined this exception and all of the others presented in the brief and at oral argument, and we can find no error.
 
 
 3
 Appellant was an employee of the National Oceanic and Atmospheric Administration (NOAA), which is a part of the United States Department of Commerce. In June 1988 he became cashier of a petty cash fund known as the "imprest fund." This fund was used to supply the needs of NOAA employees located at the Gramax Building, Silver Springs, Maryland, for travel expenses and miscellaneous purchases. Cash funds were advanced in exchange for vouchers and receipts showing the purchase of items or expenses incurred. The indictment charged that between July 1, 1988, and September 23, 1988, appellant embezzled $14,591.11, more or less, which had come into his possession and under his care by virtue of his employment as imprest fund cashier.
 
 
 4
 There is no merit to his claim that the evidence was insufficient to sustain his conviction. Numerous audits were made, and testimony showed that he came to the building late at night and was seen by a security guard leaving the building with an envelope or small package under his arm, which he did not have when he arrived at the building. The guard also testified that shortly before his arrest, appellant drove up to the building in a new BMW automobile. His prior transportation to the building had been by taxi. Martin admitted that he was having domestic problems, financial problems and during a part of the time did not have a permanent place to live. On a claim of insufficient evidence, the standard of review has been set by Glasser v. United States, 315 U.S. 60, 80 (1942): "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." (Citation omitted.)
 
 
 5
 Reversal of a conviction on the ground of insufficient evidence is confined to cases where the prosecution's failure of proof is clear. The question is not whether we, as an appellate court, are convinced of guilt beyond a reasonable doubt, but whether any rational trier of facts could have found the defendant guilty beyond a reasonable doubt when the evidence is viewed in the light most favorable to the government. Both direct and circumstantial evidence, together with all reasonable inferences to be drawn therefrom, are considered.
 
 
 6
 Applying this standard to the record in this case, we have no problem in finding that the evidence of guilt was sufficient.
 
 
 7
 As to the claim that Government Exhibits 4 and 25, the written results of the August 15, 1988, audit, were erroneously admitted into evidence, we find that this exception was not properly preserved for appeal, because the objection relied upon was not made at trial. Even if a proper objection had been made, the admission of this evidence was not error because it was admissible as a business record under Federal Rule of Evidence 803(6).
 
 
 8
 There was no error in the admission of Government Exhibit 13, which is the United States Treasury check made out to appellant and includes bank notations on the back thereof indicating when it had been cashed. Appellant contends that the bank notations were hearsay, but this overlooks the testimony of the head bank teller, who explained the notations on the back of the check, including the date the check was presented and cashed.
 
 
 9
 Appellant contends that the trial court should have instructed the jury on the lesser included offense of misdemeanor theft of government property valued at less than $100. Appellant argues that since he was required to produce receipts, vouchers, etc., to cover money that had been advanced from the fund, there was a difference between negligence in handling the paper work and embezzlement of money from the fund. He claims that there is conflicting evidence as to the amount of money actually missing and, therefore, he should have obtained the misdemeanor charge. Under Keeble v. United States, 412 U.S. 205 (1973), a defendant is entitled to an instruction on the lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater offense. The indictment charged embezzlement of $14,591.11, more or less, and the evidence at trial established a loss to the government of an amount close to that set forth in the indictment. The evidence presented in this case would not permit a rational jury to find embezzlement of government funds in an amount less than $100. While it is always possible for a jury to find a defendant not guilty of embezzlement because the prosecution failed to prove its case beyond a reasonable doubt, once the jury in the present case found the appellant guilty of embezzlement, under the facts presented it could not have rationally found that the amount was less than $100.
 
 
 10
 For the reasons set forth above, the judgment of the district court is
 
 
 11
 AFFIRMED.